UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
KIAMA FALTINE and KIJAFA FALTINE,

**CV14-3263**

Plaintiff,

COMPLAINT

-against-

JURY DEMAND

SUMMONS ISSUED

THE CITY OF NEW YORK, CAPTAIN
JOSEPH HAYWARD (Tax # 923936), POLICE
OFFICER WILLIAM SCHUMACHER
(Tax # 949640), SERGEANT ROBERT PATELLI
(Tax # 893500), LIEUTENANT SEAN
PATTERSON (Tax # 921661), DETECTIVE
ROBERT AASHEIM (Tax # 905344), POLICE
OFFICER SZACHACZ[1], POLICE
OFFICER SCHIERENBECK[2], POLICE
OFFICER JOSE ALVAREZ (Tax # 941343),
POLICE OFFICER MCKIVER[3] and POLICE
OFFICER(S) JOHN DOE 1-10[4],
                                   Defendants.
-----------------------------------------------------------x

Kiama Faltine and Kijafa Faltine (hereinafter "plaintiffs"), by their attorney(s) The Law

Offices of Wale Mosaku, P.C., complaining of the defendants THE CITY OF NEW

YORK, CAPTAIN JOSEPH HAYWARD (Tax # 923936), POLICE OFFICER

WILLIAM SCHUMACHER (Tax # 949640), LIEUTENANT SEAN PATTERSON (Tax

# 921661), SERGEANT ROBERT PATELLI (Tax # 893500), DETECTIVE ROBERT

AASHEIM (Tax # 905344), POLICE OFFICER SZACHACZ, POLICE OFFICER

SCHIERENBECK, POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE

---

[1] The first name, shield and tax numbers of this officer are currently unknown. Upon information and well-founded belief, at all pertinent times, he is/was a law enforcement officer employed by the New York City Police Department, and assigned to it's Emergency Service Squad #7.

[2] The first name, shield and tax numbers of this officer are currently unknown. Upon information and well-founded belief, at all pertinent times, he is/was a law enforcement officer employed by the New York City Police Department, and assigned to it's Emergency Service Squad #7.

[3] The first name, shield and tax numbers of this officer are currently unknown. Upon information and well-founded belief, at all pertinent times, he is/was a law enforcement officer employed by the New York City Police Department, and assigned to it's 75th police precinct.

[4] The above-referenced officers, whose identities are presently unknown, upon information and well-founded belief, were and are law enforcement officers employed by the New York City Police Department, and assigned to it's 75th police precinct.

OFFICER MCKIVER and POLICE OFFICER(S) JOHN DOE 1-10 (hereinafter collectively referred to as "the Defendants"), upon information and belief, alleges as follows:

NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to each plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to each plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and §1985], [and arising under the law and statutes of the State of New York].

JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

THE PARTIES

4.      Each plaintiff is a citizen of the United States, resident in Kings County, New York State. Each plaintiff is a black male of full age.

5.      At all relevant times, defendants CAPTAIN JOSEPH HAYWARD (Tax # 923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), LIEUTENANT SEAN PATTERSON (Tax # 921661), SERGEANT ROBERT PATELLI (Tax # 893500), DETECTIVE ROBERT AASHEIM (Tax # 905344), POLICE OFFICER SZACHACZ, POLICE OFFICER SCHIERENBECK, POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and POLICE OFFICER(S) JOHN DOE 1-10 were law enforcement officers employed by the Police Department of

the City of New York ("NYPD"), and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

6.  At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was the employer of the defendant officers through its Police Department, namely the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

7.  Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.  Each plaintiff's ordeal began on or about August 14, 2012, at approximately 03:45 a.m., within the premises known as 580 Sutter Avenue, #4B, Brooklyn, New York 11207 (hereinafter "subject premises").

9.  At the above-referenced time and date, the plaintiffs resided within the subject premises with their mother, namely Patricia Faltine, and the plaintiff Kijafa Faltine's two infant sons, namely Kashaun Faltine (who at the time was six years old) and Kayden Faltine (who at the time was four years old).

10. That immediately prior to the occurrence involving the plaintiffs, the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, had accosted a non-party, namely Nicobia

Williams ("Ms. Williams"), ostensibly for trespassing within the
building within which the subject premises is located.

11.     That upon accosting Ms. Williams, the defendant officers CAPTAIN
        JOSEPH HAYWARD (Tax #923936), POLICE OFFICER
        WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER
        JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER
        and other defendant officers whose identities are not presently
        known, had, against Ms. Williams' will, taken her to the front door of
        the subject premises, and asked her to knock on said door.

12.     That at that time it was the intention of the defendant officers
        CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE
        OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE
        OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER
        MCKIVER and other defendant officers whose identities are not
        presently known, to lure the occupants of the subject premises into
        opening said front door in response to the knocking, in order that they
        could forcibly gain entry into the subject premises to conduct an
        illegal and warrantless search.

13.     That upon arrival at the front door of the subject premises, Ms.
        Williams knocked on the front door of the subject premises as
        instructed and compelled to by the defendant officers CAPTAIN
        JOSEPH HAYWARD (Tax #923936), POLICE OFFICER
        WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER
        JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER
        and other defendant officers whose identities are not presently
        known.

14.     That upon hearing the knocking the plaintiff Kijafa Faltine, who at
        the time was sleeping on a couch in the living room, went to the front
        door to inquire as to who was knocking.

15.     That at the time the plaintiff Kijafa Faltine arrived at the front door, he asked who was knocking, and Ms. Williams responded that she wanted to visit Kiama Faltine.

16.     However, instead of opening the door at that late hour, the plaintiff Kijama Faltine went to the bedroom that the plaintiff Kiama Faltine was sleeping in, woke the plaintiff Kiama Faltine up, and informed him that there was a woman asking for him at the front door.

17.     That the plaintiff Kiama Faltine, who was not expecting anyone at that time of the day, went to the front door to find out who it was.

18.     That upon arrival at the front door, the plaintiff Kiama Faltine asked who it was, and at that juncture heard the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, demand that he open the front door.

19.     That the plaintiffs asked why they were being asked to open the door to their premises, and were told by the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, that they wanted to speak with them.

20.     At that juncture, one of the plaintiffs went to wake up their mother Patricia Faltine, in order to inform her that there were police officers at the front door of the subject premises, demanding that they be allowed entry into the premises.

21.     As such, Patricia Faltine went to the front door of the subject premises, and asked who was on the other side of the door.

22.     In response, the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936),  POLICE OFFICER WILLIAM SCHUMACHER

(Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, identified themselves as police officers, and demanded that they be allowed entry into the subject premises.

23.     Patricia Faltine asked why they were demanding entry into the subject premises, and in response the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, stated to Patricia Faltine that they wanted to speak with her.

24.     Patricia Faltine stated that they were speaking to her, and she did not have to allow them to enter into her apartment in order for a conversation to take place.

25.     That the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, then started to bang and pound loudly upon the door to the subject premises, and continued to demand that they be given access to the subject premises.

26.     That Patricia Faltine told the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, that she would not open the door to the subject premises, and asked said officers if they had a warrant that permitted them access to the subject premises.

27.     That the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, told Patricia Faltine and the plaintiffs that they did not have a warrant.

28.     That Patricia Faltine then told the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, that they should go get a warrant, and that if they returned with one, they would be permitted entry into the subject premises.

29.     That the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936),  POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, informed Patricia Faltine and the plaintiffs that they did not need a warrant, because they knew how to gain entry to the subject premises without one.

30.     That the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936),  POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and other defendant officers whose identities are not presently known, continued to bang and pound upon the front door to the subject premises for approximately twenty minutes.

31.     That Patricia Faltine then informed the defendant officers CAPTAIN JOSEPH HAYWARD (Tax #923936),  POLICE OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER

and other defendant officers whose identities are not presently
known, that their actions were causing her to become distressed and
alarmed, and asked them to stop knocking, pounding and banging
loudly upon the front door, as there were also infant children in the
subject premises who had also become scared, distressed and alarmed
at their actions.

32.     That in fact, the plaintiff Kijafa Faltine's sons had become quite
distressed, were crying and screaming in fright, and were asking their
grandmother (Patricia Faltine) to call the police, not comprehending
that police officers could act in such an outrageous manner.

33.     The defendant officers CAPTAIN JOSEPH HAYWARD (Tax
#923936), POLICE OFFICER WILLIAM SCHUMACHER (Tax #
949640), POLICE OFFICER JOSE ALVAREZ (Tax # 941343),
POLICE OFFICER MCKIVER and other defendant officers whose
identities are not presently known, then informed Patricia Faltine that
they would call the emergency medical services to enter into the
subject premises so that she could obtain medical care.

34.     Patricia Faltine responded that she did not require medical care, but
simply wanted the defendant officers CAPTAIN JOSEPH
HAYWARD (Tax #923936), POLICE OFFICER WILLIAM
SCHUMACHER (Tax # 949640), POLICE OFFICER JOSE
ALVAREZ (Tax # 941343), POLICE OFFICER MCKIVER and
other defendant officers whose identities are not presently known, to
stop knocking, pounding and banging loudly upon the front door, and
leave the occupants of the subject premises alone.

35.     However, the defendant officers CAPTAIN JOSEPH HAYWARD
(Tax #923936), POLICE OFFICER WILLIAM SCHUMACHER
(Tax # 949640), POLICE OFFICER JOSE ALVAREZ (Tax #
941343), POLICE OFFICER MCKIVER and other defendant
officers whose identities are not presently known, followed up on
their threat to forcibly gain entry into the subject premises, by

enlisting the assistance of the NYPD's Emergency Services Unit ("ESU"), which they obtained under false pretenses, by claiming that Patricia Faltine was suffering a heart attack, and that her sons, the plaintiffs, would not permit them entry into the subject premises.

36.   That the defendants then commenced what can only be described as a quasi military operation, in order to gain entry into the subject premises.

37.   That ESU, including the defendant officers SERGEANT ROBERT PATELLI (Tax # 893500), LIEUTENANT SEAN PATTERSON (Tax # 921661), DETECTIVE ROBERT AASHEIM (Tax # 905344), POLICE OFFICER SZACHACZ and POLICE OFFICER SCHIERENBECK arrived at the subject premises and attempted to break down the front door in order to gain entry into the subject premises.

38.   That as ESU, including the defendant officers SERGEANT ROBERT PATELLI (Tax # 893500), LIEUTENANT SEAN PATTERSON (Tax # 921661), DETECTIVE ROBERT AASHEIM (Tax # 905344), POLICE OFFICER SZACHACZ and POLICE OFFICER SCHIERENBECK, were attempting to forcibly gain entry into the subject premises, Patricia Faltine continued to request and plead that the defendant officers cease their illegal attempt to forcibly enter into her premises.

39.   As such, the defendant officers SERGEANT ROBERT PATELLI (Tax # 893500), LIEUTENANT SEAN PATTERSON (Tax # 921661), DETECTIVE ROBERT AASHEIM (Tax # 905344), POLICE OFFICER SZACHACZ and POLICE OFFICER SCHIERENBECK were aware that Patricia Faltine, who they had been informed was suffering a heart attack, clearly was not suffering a heart attack, and was in fact insisting that they cease their outrageous attempts to gain unlawful entry into the subject premises.

40.    That despite said direct knowledge, the defendant officers
       SERGEANT ROBERT PATELLI (Tax # 893500), LIEUTENANT
       SEAN PATTERSON (Tax # 921661), DETECTIVE ROBERT
       AASHEIM (Tax # 905344), POLICE OFFICER SZACHACZ and
       POLICE OFFICER SCHIERENBECK continued their attempt to
       gain entry into the subject premises, until they succeeded in literally
       ripping the front door to the subject premises off its hinges.

41.    That in fact, at the very moment that the defendant officers were
       attempting to gain entry into the subject premises, Patricia Faltine
       was on the telephone, reporting their actions to the Civilian
       Complaint Review Board's ("CCRB") automated complaint line.

42.    That upon gaining entry into the subject premises, the defendant
       officers immediately assaulted, battered and thereafter arrested the
       plaintiffs.

43.    Following their arrests, the plaintiffs were taken into the hallway
       directly outside of the subject premises.

44.    At that time, the plaintiffs observed their sister Onekar Faltine[5], who
       lived and still lives on the same floor of the building within which the
       subject premises is located.

45.    That upon arriving in the hallway, the plaintiffs also observed that the
       defendant officers had taped up a surveillance camera that was
       located directly above the front door to the subject premises, in order
       to cover up their unlawful and illegal actions.

46.    That upon arriving in the hallway, the plaintiffs further observed that
       the defendant officers had taped up the peep hole of the front door to
       the apartment that was directly in front of the subject premises, in
       order to ensure that their neighbors would not directly observe their
       unlawful and illegal actions.

47.    That Onekar Faltine took custody of the plaintiff Kijafa Faltine's
       sons.

---

[5] Onekar Faltine is a Corrections Officer employed by the New York City Department of Corrections.

48.        That after the subject premises was emptied of its occupants, in
           fulfillment of their original intention, the defendant officers
           CAPTAIN JOSEPH HAYWARD (Tax #923936), POLICE
           OFFICER WILLIAM SCHUMACHER (Tax # 949640), POLICE
           OFFICER JOSE ALVAREZ (Tax # 941343), POLICE OFFICER
           MCKIVER and other defendant officers whose identities are not
           presently known, proceeded to unlawfully search the subject
           premises, and in so doing, damaged and/or destroyed personal
           property contained therein.

49.        That nothing unlawful or illegal was found in the subject premises, or
           upon the person of any plaintiff by the defendant officers.

50.        That nevertheless, following their arrests, the defendant officers
           transported the plaintiffs to the 75th Police Precinct, located at 1000
           Sutter Avenue, Brooklyn, New York 11207, where they were both
           processed, or otherwise photographed and fingerprinted.

51.        At approximately 09:15 a.m. on August 15, 2012, the plaintiff Kiama
           Faltine was arraigned before a judge of the Kings County Criminal
           Court, and charged with the following offenses: (a) Obstructing
           Governmental Administration in the Second Degree [195.05]; and (b)
           Criminal Possession of a Weapon in the Fourth Degree [265.01(1)].

52.        Within the criminal complaint, defendant Police Officer Robert
           Schumacher alleged, *inter alia*, that he had asked the plaintiff Kiama
           Faltine to open the door of the subject premises in order that ESU
           render emergency services to Patricia Faltine who he claimed had
           been rendered unconscious due to a heart attack, and that the plaintiff
           Kiama Faltine refused to open said door.

53.        Police Officer Robert Schumacher also alleged that he had observed
           the plaintiff Kiama Faltine in possession of a gravity knife.

54.        The above-referenced allegations by Police Officer Robert
           Schumacher against the plaintiff Kiama Faltine were completely
           untrue and false.

55.     Upon arraignment, the plaintiff Kiama Faltine pleaded "not guilty",
        and was released upon his own recognizance by the judge.

56.     The above-referenced criminal action against the plaintiff Kiama
        Faltine was dismissed on October 16, 2013, and was terminated in
        favor of the plaintiff Kiama Faltine.

57.     The plaintiff Kiama Faltine's Kings County Criminal Court Docket
        number was 2012KN068364.

58.     At approximately 01:00 a.m. on August 15, 2012, the plaintiff Kijafa
        Faltine was arraigned before a judge of the Kings County Criminal
        Court, and charged with the following offense: Obstructing
        Governmental Administration in the Second Degree [195.05].

59.     Within the criminal complaint, defendant Police Officer Robert
        Schumacher alleged, *inter alia*, that he had asked the plaintiff Kijafa
        Faltine to open the door of the subject premises in order that ESU
        render emergency services to Patricia Faltine who he claimed had
        been rendered unconscious due to a heart attack, and that the plaintiff
        Kijafa Faltine refused to open said door.

60.     The above-referenced allegations by Police Officer Robert
        Schumacher against the plaintiff Kijafa Faltine were completely
        untrue and false.

61.     Upon arraignment, the plaintiff Kijafa Faltine pleaded "not guilty",
        and was released upon his own recognizance by the judge.

62.     The above-referenced criminal action against the plaintiff Kijafa
        Faltine was dismissed on October 16, 2013, and was terminated in
        favor of the plaintiff Kijafa Faltine.

63.     The plaintiff Kijafa Faltine's Kings County Criminal Court Docket
        number was 2012KN068354.

64.     That the August 14, 2012 incident that forms the subject of the
        instant complaint is not the first time that year that the defendant
        CAPTAIN JOSEPH HAYWARD (Tax #923936) had supervised

and/or gained forcible, unlawful and illegal entry into the premises of citizens.

65. That in fact, prior to the August 14, 2012 incident, the defendant CAPTAIN JOSEPH HAYWARD (Tax #923936), had a habit of forcibly, unlawfully and illegally supervising and gaining entry into the premises of citizens without their consent.

66. For instance, that prior to the August 14, 2012 incident that forms the subject of the present complaint, at approximately 01:00 a.m. on March 11, 2012, the defendant CAPTAIN JOSEPH HAYWARD (Tax #923936) had supervised the forcible, unlawful and illegal entry into premises known and described as 333 Georgia Avenue, #5H, Brooklyn, New York 11207 ("Georgia premises"), without the consent of the occupants.

67. That on that occasion, the defendant CAPTAIN JOSEPH HAYWARD (Tax #923936) had accosted a female, namely Raquel Nunez, and instructed her to knock on the door of the Georgia premises, and when said door was opened by an infant, had forcibly entered into said premises without the consent of the occupants in order to conduct a search.

68. Furthermore, the CCRB has substantiated a complaint that alleged that on January 8, 2012, defendant CAPTAIN JOSEPH HAYWARD (Tax #923936) had supervised the forcible, unlawful and illegal entry into premises known and described as 670 Elton Street, Brooklyn, New York 11207 ("Elton premises"), without the consent of the occupants.

69. That rather than subjecting the defendant CAPTAIN JOSEPH HAYWARD (Tax #923936) to discipline for said unlawful actions, upon information and well-founded belief, the defendant CITY has in fact promoted[6] said defendant.

---

[6] At the time of the incident, said defendant bore the rank of Lieutenant.

## CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

70.     By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 69 of this complaint as though fully set forth herein.

71.     Following each plaintiff's arrest, the defendants searched and/or caused each plaintiff and/or his property to be searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

72.     As a result of the foregoing, each plaintiff and/or his property was subjected to an illegal and improper search.

73.     The foregoing unlawful search violated each plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983

74.     By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75.     The above-described respective arrest, detention and imprisonment of each plaintiff by the defendant officers was/were without just or probable cause and without any warrant or legal process directing or authorizing each plaintiff's arrest or subsequent detention.

76.     As a result of each plaintiff's above-described false arrest and detention by the defendant officers, each plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

77.     Consequently, each plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

78.     By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79.     The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against each plaintiff were committed by or at the insistence of the defendant officers without probable cause or legal justification, and with malice.

80.     That the defendant officers were directly involved in the initiation of criminal proceedings against each plaintiff.

81.     That the defendant officers lacked probable cause to initiate criminal proceedings against each plaintiff.

82.     That the defendant officers acted with malice in initiating criminal proceedings against each plaintiff.

83.     That the defendant officers were directly involved in the continuation of criminal proceedings against each plaintiff.

84.     That the defendant officers lacked probable cause in continuing criminal proceedings against each plaintiff.

85.     That the defendant officers acted with malice in continuing criminal proceedings against each plaintiff.

86.     That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

87.     That the defendant officers misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

88.     That the defendant officers withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

89.     That the defendant officers did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

90.     The criminal judicial proceeding initiated against each plaintiff was dismissed on October 16, 2013, and terminated in each plaintiff's favor.

91.     The arrest, imprisonment and prosecution of each plaintiff was malicious and unlawful, because neither plaintiff had committed a crime, and there was no probable cause to believe either plaintiff had committed any crime.

92.     The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against each plaintiff were false and untrue.

93.     As a consequence of the malicious prosecution by the defendant officers, each plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

94.     By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95.     The individual defendants created false evidence against each plaintiff.

96.     The individual defendants forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

97.     That said defendants were directly involved in the initiation of criminal proceedings against each plaintiff.

98.     That said defendants lacked probable cause to initiate criminal proceedings against each plaintiff.

99.     That said defendants acted with malice in initiating criminal proceedings against each plaintiff.

100.    That said defendants were directly involved in the continuation of criminal proceedings against each plaintiff.

101.    That said defendants lacked probable cause in continuing criminal proceedings against each plaintiff.

102.    That said defendants acted with malice in continuing criminal proceedings against each plaintiff.

103.    That said defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

104.    That said defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

105.    That said defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

106.    That said defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

107.    By creating false evidence against each plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated each plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

108.    As a consequence of said defendants' actions, each plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in an

amount to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

109.    By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110.    The level of force employed against the plaintiffs by the defendant officers SERGEANT ROBERT PATELLI (Tax # 893500), LIEUTENANT SEAN PATTERSON (Tax # 921661), DETECTIVE ROBERT AASHEIM (Tax # 905344), POLICE OFFICER SZACHACZ and POLICE OFFICER SCHIERENBECK was objectively unreasonable and in violation of each of said plaintiff's constitutional rights.

111.    As a result of the aforementioned conduct of the defendants SERGEANT ROBERT PATELLI (Tax # 893500), LIEUTENANT SEAN PATTERSON (Tax # 921661), DETECTIVE ROBERT AASHEIM (Tax # 905344), POLICE OFFICER SZACHACZ and POLICE OFFICER SCHIERENBECK, the plaintiffs were subjected to excessive force, resulting in serious, severe, and permanent physical injuries.

## CAUSE OF ACTION: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

112.    By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113.    Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

114.    The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

115.    As a consequence of said defendants' actions, each plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

### CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

116.    By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117.    The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

118.    The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the CITY and the NYPD.

119.    The aforementioned customs, policies, usages, practices, procedures and rules of the CITY and the NYPD include, but are not limited to the following unconstitutional practices:
Allowing the defendant CAPTAIN JOSEPH HAYWARD (Tax #923936) to supervise the forcible, unlawful, illegal and warrantless entry into premises of citizens, in order to conduct illegal and unlawful searches therein.

120.     That the defendant CITY failed to supervise the defendant CAPTAIN
         JOSEPH HAYWARD (Tax #923936), and stop him from committing
         said illegal and unlawful actions.

121.     The aforementioned customs, policies, usages, practices, procedures
         and rules of the CITY and the NYPD, constituted a deliberate
         indifference to the safety, well-being and constitutional rights of all
         citizens, including but not limited to the plaintiffs; were the
         proximate cause of, and moving force behind, the constitutional
         violations suffered by the plaintiffs as alleged herein, and deprived
         plaintiffs of the following rights, privileges and immunities secured
         to them by the Constitution of the United States:

(a)     The right of the plaintiffs to be secure in their person(s) and effects
against unreasonable search and seizure under the Fourth and Fourteenth
Amendments to the Constitution of the United States.

(b )    The right of the plaintiffs not to be deprived of life, liberty, or
property without due process of law, and the right to the equal protection
of the laws, secured to them by the Fifth and Fourteenth Amendments to
the Constitution of the United States.

122.     As a result of the actions of the defendants, the plaintiffs were
         deprived of their rights, privileges, and immunities secured by the
         United States Constitution, in particular, the Fourth, Fifth, and
         Fourteenth Amendments, in contravention of 42 USC §1983 and the
         laws of New York State, without just or legal cause when defendant
         City, by its employees and/or agents unlawfully entered and searched
         the plaintiffs, property, thereby depriving said plaintiffs of their
         privacy without due process of law, and by subsequently arresting
         each plaintiff without probable cause.

123.     The defendant officers were the actual agents of the defendant CITY
         and the NYPD and were following the customs, practices, ordinances
         and/or regulations of the City of New York when they violated each
         plaintiff's constitutional and civil rights, and the City of New York is

therefore responsible for their acts, and liable to the plaintiffs for the damages they suffered.

124.      The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant CITY and the NYPD, and the CITY and the NYPD had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

WHEREFORE, each plaintiff respectfully prays for judgment as follows:

1.      For compensatory damages against all defendants in an amount to be proven at trial;

2.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3.      For costs of suit herein, including each plaintiff's reasonable attorney's fees; and;

4.      For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      May 23, 2014

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku (AM5872)
Attorney for the Plaintiffs
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994